**SEALED**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | **Filed Under Seal** |
| v. | Criminal No. |
| DEMONTRE ANTWON HACKWORTH | 3-22CR0228-L |

## INDICTMENT

The Grand Jury Charges:

### Introduction

At all times materials to this indictment:

1. A Federal Firearms Licensee (FFL) is a person authorized by the Bureau of Alcohol, Tobacco, Firearms and Explosives to engage in the business of manufacturing, importing, and dealing in firearms. Persons purchasing firearms from an FFL must complete a Firearms Transaction Record, commonly known as the ATF 4473. Title 18 United States Code § 922(a)(6) makes it a crime for anyone to make a false or fictitious oral or written statement to a licensed firearms dealer in order to acquire a firearm. A statement is "false or fictitious" if it was untrue when made and was then known to be untrue by the person making it. A false statement is "likely to deceive" if the nature of the statement, considering all the surrounding circumstances at the time it is made, is such that a reasonable person of ordinary prudence would have been actively deceived or misled.

2. The ATF 4473 form asks if the purchaser is the actual transferee/buyer of the firearm being purchased. A false statement in response to this question is a violation of 18 U.S.C. § 922(a)(6).

3. FFLs are required to conduct a NICS (National Instant Criminal Background Check System) on persons purchasing firearms. Buyers who possess a Texas-issued License to Carry are not subject to a background check through NICS.

4. "Triggernometry Arms, LLC" was an FFL, engaging in business of selling firearms in Waxahachie, Texas.

5. **Demontre Hackworth** possessed a Texas-issued License to Carry. As an LTC holder, **Hackworth** could purchase firearms from FFLs without having to undergo a background check through NICS.

6. From 2019 to 2021, **Hackworth** purchased at least 92 firearms from FFLs. Of these, 75 were purchased from "Triggernometry Arms, LLC" between June 2021 and December 2021, with 70 of these handguns being of similar makes and models. Of the 92 firearms purchased, 87 were handguns.

7. Of the 92 firearms **Hackworth** purchased, law enforcement has recovered 16 handguns in incidents not involving **Hackworth**. These incidents include aggravated assault, homicide, and drug trafficking.

8. "Time-to-Crime" (TTC) refers to the time from the initial purchase of the firearm to the time law enforcement recovers the firearm in an incident. The TTC for the firearms recovered that **Hackworth** purchased varies from seven days to 859 days. Of the 16

Indictment – Page 2

firearms that law enforcement recovered, 14 were recovered in incidents occurring within one year of purchase.

9. Nine firearms **Hackworth** purchased were recovered in the Dallas, Texas area.

10. Four firearms **Hackworth** purchased were recovered in Canada.

11. One firearm **Hackworth** purchased was recovered in Longview, Texas.

12. One firearm **Hackworth** purchased was recovered in Baltimore, Maryland.

13. NIBIN, or the National Integrated Ballistic Information Network, is a technology used by law enforcement to forensically examine firearms, obtaining digital images of the markings made on spent ammunition recovered from a crime scene or crime gun test fire, and then comparing those images against earlier entries via electronic image comparison.

14. The exploitation of NIBIN technology linked firearms **Hackworth** purchased to three different leads involving shootings within the Dallas-Fort Worth Metroplex. One firearm originally purchased by **Hackworth** with a 219-day TTC was used in a three-string NIBIN lead within Dallas, Texas, that is, the firearm was used in incidents involving two separate aggravated assaults and one unlawfully carrying a firearm. A second firearm attributed to **Hackworth** with a 48-day TTC was used in a two-string NIBIN lead within Dallas, Texas, that is it was involved in two separate incidents. A third firearm acquired by **Hackworth** with a 195-day TTC was used in another two-string NIBIN lead in Dallas, Texas, that is, it was involved in two separate incidents.

15. Triggernometry Arms LLC surrendered its FFL to ATF on May 11, 2022.

<u>Count One</u>
Dealing in Firearms without a License
(18 U.S.C. §§ 922(a)(1)(A), 923(a), and 924(a)(1)(D))

The Grand Jury alleges and incorporates by reference the allegations contained in Paragraphs 1 through 15 of this indictment as if fully set forth in Count One.

Beginning sometime in 2019, the exact date being unknown, and continuing to on or about December 6, 2021, in the Dallas Division of the Northern District of Texas and elsewhere, the defendant, **Demontre Antwon Hackworth**, not being a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, did willfully engage in the business of dealing in firearms.

All in violation of 18 U.S.C. §§ 922(a)(1)(A), 923(a), and 924(a)(1)(D).

Count Two
False Statement During the Purchase of a Firearm
(18 U.S.C. §§ 922(a)(6), 924(a)(2))

The Grand Jury alleges and incorporates by reference the allegations contained in Paragraphs 1 through 15 of this indictment as if fully set forth in Count Two.

On or about July 19, 2021, in the Dallas Division of the Northern District of Texas, the defendant, **Demontre Antwon Hackworth**, in connection with the acquisition of a firearm, a Taurus 9mm pistol, model G3C, serial number ACC67259, from Triggernometry Arms LLC, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious written statement to Triggernometry Arms LLC, which statement was intended and likely to deceive Triggernometry Arms LLC, as to a fact material to the lawfulness of such sale of the said firearm to the defendant under chapter 44 of Title 18, in that the defendant represented that he was the actual transferee and buyer when in fact he was not.

In violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2).

## Count Three
### False Statement During the Purchase of a Firearm
(18 U.S.C. §§ 922(a)(6), 924(a)(2))

The Grand Jury alleges and incorporates by reference the allegations contained in Paragraphs 1 through 15 of this indictment as if fully set forth in Count Three.

On or about August 16, 2021, in the Dallas Division of the Northern District of Texas, the defendant, **Demontre Antwon Hackworth**, in connection with the acquisition of a firearm, a Glock, 9mm pistol, model 19, serial number TTP239, from Triggernometry Arms LLC, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious written statement to Triggernometry Arms LLC, which statement was intended and likely to deceive Triggernometry Arms LLC, as to a fact material to the lawfulness of such sale of the said firearm to the defendant under chapter 44 of Title 18, in that the defendant represented that he was the actual transferee and buyer when in fact he was not.

In violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2).

<u>Count Four</u>
False Statement During the Purchase of a Firearm
(18 U.S.C. §§ 922(a)(6), 924(a)(2))

The Grand Jury alleges and incorporates by reference the allegations contained in Paragraphs 1 through 15 of this indictment as if fully set forth in Count Four.

On or about June 15, 2021, in the Dallas Division of the Northern District of Texas, the defendant, **Demontre Antwon Hackworth**, in connection with the acquisition of a firearm, a Glock, 40 caliber pistol, model 27, serial number BEUY755, from Triggernometry Arms LLC, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious written statement to Triggernometry Arms LLC, which statement was intended and likely to deceive Triggernometry Arms LLC, as to a fact material to the lawfulness of such sale of the said firearm to the defendant under chapter 44 of Title 18, in that the defendant represented that he was the actual transferee and buyer when in fact he was not.

In violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2).

<u>Forfeiture Notice</u>
(18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c))

Upon conviction of any of the offenses alleged in this indictment, and under 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), defendant, **Demontre Antwon Hackworth**, shall forfeit to the United States of America all firearms and ammunition involved in or used in the knowing commission of the offense.

A TRUE BILL:

_____
FOREPERSON

CHAD E. MEACHAM
UNITED STATES ATTORNEY

_____
Suzanna O. Etessam
Assistant United States Attorney
Texas State Bar No. 17572420
1100 Commerce Street, Third Floor
Dallas, Texas 75242
Telephone: 214.659.8600
Facsimile: 214.659.8803
Email: Suzanna.Etessam@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

THE UNITED STATES OF AMERICA

v.

DEMONTRE ANTWON HACKWORTH

SEALED INDICTMENT

18 U.S.C. §§ 922(a)(1)(A), 923(a), and 924(a)(1)(D)
Dealing in Firearms without a License
(Count 1)

18 U.S.C. §§ 922(a)(6), 924(a)(2)
False Statement During the Purchase of a Firearm
(Counts 2, 3 and 4)

18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c)
Forfeiture Notice

4 Counts

A true bill rendered

DALLAS _____ FOREPERSON

Filed in open court this 7 day of June, 2022.

**Warrant to be Issued**

_____
UNITED STATES MAGISTRATE JUDGE
No Criminal Matter Pending