IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DEMONTRE ANTWON HACKWORTH | Case No. 3:22-CR-228-L |

## FACTUAL RESUME

In support of Demontre Antwon Hackworth's guilty plea to Count One of the indictment, Demontre Hackworth, the defendant, Wesley Spencer, the defendant's attorney, and the United States of America (the government) stipulate and agree to the following:

## ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count One of the indictment, charging a violation of 18 U.S.C. §§ 922(a)(1)(A), 923(a), and 924(a)(1)(D) that is, Dealing in Firearms without a License, the government must prove each of the following elements beyond a reasonable doubt:[1]

*First:* That the defendant was a person engaged in the business of selling firearms at wholesale or retail between 2019 and December 6, 2021.

*Second:* That the defendant engaged in such business without a license issued under federal law; and

*Third:* That the defendant did so willfully, that is, that the defendant was dealing in firearms with knowledge that his conduct was unlawful.

---

[1] Fifth Circuit Pattern Jury Instruction 2.43A (5th Cir. 2019).

Factual Resume—Page 1

*A person is "engaged in the business of selling firearms at wholesale or retail," if that person devotes time, attention, and labor to dealing in firearms as a regular course of trade or business with the principle objective of livelihood and profit through the repetitive purchase and resale of firearms. Such term does not include a person who makes occasional sales, exchanges, or purchases of firearms for the enhancement of a personal collection or for a hobby, or who sells all or part of that person's personal collection of firearms.*

## STIPULATED FACTS

1. Demontre Antwon Hackworth admits that beginning sometime in 2019 and continuing until on or about June 2022, in the Dallas Division of the Northern District of Texas, the defendant, Demontre Antwon Hackworth, engaged in the business of dealing firearms without a license. Hackworth admits that he devoted time, attention, and labor to dealing in firearms as a regular course of trade or business with the principle objective of livelihood and profit through the repetitive purchase and resale of firearms.

2. Hackworth admits that from 2019 to 2021, Hackworth purchased at least 92 firearms from Federal Firearms Licensees. Of these 92 firearms, 75 were purchased from "Triggernometry Arms, LLC" between June 2021 and December 2021, with 70 of these handguns being of similar makes and models. Of the 92 firearms purchased, 87 were handguns.

3. Hackworth admits that of the 92 firearms he purchased, law enforcement recovered 16 handguns in incidents not involving Hackworth.

4.  "Time-to-Crime" (TTC) refers to the time from the initial purchase of the firearm to the time law enforcement recovers a firearm in an incident. The TTC for the firearms recovered that Hackworth purchased varies from seven days to 859 days. Of the 16 firearms that law enforcement recovered, 14 were recovered in incidents occurring within one year of purchase.

5.  Nine firearms Hackworth purchased were recovered in the Dallas, Texas area. Four firearms Hackworth purchased were recovered in Canada. One firearm Hackworth purchased was recovered in Longview, Texas, and one firearm Hackworth purchased was recovered in Baltimore, Maryland.

6.  NIBIN, or the National Integrated Ballistic Information Network, is a technology used by law enforcement to forensically examine firearms, obtaining digital images of the markings made on spent ammunition recovered from a crime scene or crime gun test fire, and then comparing those images against earlier entries via electronic image comparison.

7.  The exploitation of NIBIN technology linked firearms Hackworth purchased to three different leads involving shootings within the Dallas-Fort Worth Metroplex. One firearm originally purchased by Hackworth with a 219-day TTC was used in a three-string NIBIN lead within Dallas, Texas, that is, the firearm was used in incidents involving two separate aggravated assaults and one unlawfully carrying a firearm. A second firearm attributed to Hackworth with a 48-day TTC was used in a two-string NIBIN lead within Dallas, Texas, that is it was involved in two separate incidents. A third firearm acquired by Hackworth with a 195-day TTC was used in

another two-string NIBIN lead in Dallas, Texas, that is, the firearm was involved in two separate incidents.

8. The defendant agrees that he committed all the essential elements of the offense. This factual resume is not intended to be a complete accounting of all the facts and events related to the offenses charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Count One of the indictment.

AGREED TO AND STIPULATED on this 30 day of November, 2022.

_____
DEMONTRE A. HACKWORTH
Defendant

_____
WESLEY SPENCER
Attorney for Defendant

CHAD E. MEACHAM
UNITED STATES ATTORNEY

_____
SUZANNA ETESSAM
Assistant United States Attorney
Texas State Bar No. 00798230
1100 Commerce St., 3rd Floor
Tel: 214-659-8600
Fax: 214-659-8809
Email: Suzanna.Etessam@usdoj.gov